IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-CR-30154-DWD |
| ) | |
| SAMI CHARTOUNI, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO ENTER PLEA OF GUILTY
AND OBTAIN EARLY PREPARATION OF PRESENTENCE REPORT**

**DUGAN, District Judge:**

A superseding indictment charges Defendant Sami Chartouni with possession with intent to distribute a controlled substance in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C). On November 16, 2020, Defendant was arraigned before Magistrate Judge Gilbert C. Sison, ordered him detained pending trial. Defendant entered a not guilty plea and was set for trial on January 11, 2021. Following two continuances, trial is set June 7, 2021.

Now before the Court are Defendant's motion for pre-plea Presentence Investigation Report (Doc. 19), motion for preparation of a modified/updated PSR (Doc. 20), and motion for expedited change of plea and sentencing (Doc. 21) in which he asks to (a) enter a plea of guilty and (b) have the Court order the U.S. Probation Office to immediately prepare a pre-sentence investigation report (PSR). In other words,

Defendant asks the undersigned to authorize early preparation and disclosure of a PSR and to set this matter for a combined guilty plea and disposition on an expedited basis. The United States has no objection to the early preparation of a PSR or the combined plea and sentencing hearing. Additionally, the Court has conferred with the United States Probation Office, and they confirmed that a PSR could be prepared by mid-June.

Finding good cause, the undersigned District Judge **GRANTS** Defendant's motions (Docs. 19, 20, 21) and **DIRECTS** the U.S. Probation Office for the Southern District of Illinois **to prepare and file/submit a PSR herein by June 15, 2021**. Upon receipt of the PSR, the Court will set this matter for a prompt change of plea and sentencing hearing. The Court notes that Rule 32(e)(2) requires that a PSR be disclosed "at least 35 days before sentencing unless the defendant waives this minimum period." Should Defendant decide to waive this period in order to expedite matters, he shall do so in writing. The Court will also consider an agreed-upon motion to waive the 14-day period for objecting to the PSR provided that the parties file it after receiving and reviewing the report.

Finally, Rule 32(e)(1) expressly prohibits the probation officer from submitting a PSR to the court or disclosing the contents of a PSR to anyone until the defendant has pleaded guilty, *unless the defendant has consented in writing.* Here, Defendant has consented in writing to the submission and disclosure of the PSR before he pleads guilty before the Court (*see* Doc. 19). The undersigned therefore **AUTHORIZES** the U.S. Probation Office

for the Southern District of Illinois to submit and disclose the PSR prior to formal entry and acceptance of Defendant's guilty plea herein. A copy of this Order shall be provided by the Clerk's Office to the U.S. Probation Office for the Southern District of Illinois, ATTN: Kristi Miller.

**SO ORDERED.**

Dated: April 30, 2021

_____
DAVID W. DUGAN
United States District Judge